**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VIVEK RAJKUMAR, | ) | Civil Action |
| | ) | |
| **Plaintiff,** | ) | No.   2:21-cv-113 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GATEWAY SCHOOL DISTRICT, | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Vivek Rajkumar, by and through his undersigned counsel, Kristen C. Weidus, Esquire, and Ruder Law LLC, hereby files this Complaint and alleges as follows:

**THE PARTIES**

1.     Plaintiff, VIVEK RAJKUMAR, ("Plaintiff"), is now, and was at all times relevant hereto and hereinafter stated, an adult individual resident of the Commonwealth of Pennsylvania with an address at 101 Bel-Aire Drive, Monroeville, Pennsylvania 15146.

2.     Defendant, GATEWAY SCHOOL DISTRICT ("District") is a local school district and a public entity organized under the laws of the Commonwealth of Pennsylvania and under the authority of 1 Pa.C.S.A. § 1991 and a "person" subject to suit within the meaning of 43 U.S.C. Section 1983. The Gateway School District maintains an address at 9000 Gateway Boulevard, Monroeville, Pennsylvania 15146.

## JURISDICTION AND NATURE OF ACTION

3.      This is a civil action under, *inter alia*, 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendant for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, retaliating against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

4.      This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343, as this action arises under the laws of the United States.

5.      Plaintiff brings this action resulting from damages incurred due to his removal and banishment from involvement in any District-sponsored activities, both on and off premises, from the premises of all school-district property, and barring of any and all communication with District employees, personnel, staff or School Board members, in violation of his federal constitutional rights to free speech.

6.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2). The actions complained of took place in this judicial district, evidence and pertinent records relevant to the allegations would be maintained in this judicial district, and the Defendant is present and/or conducts affairs in this judicial district.

## RELEVANT LAWS AND POLICIES

7.      The First Amendment of the United States Constitution reads, in pertinent part, "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

8.     Article I, Section 7 of the Pennsylvania Constitution reads, in relevant part, "[T]he free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject…"

9.     Title 42, Section 1983 of the United States Code reads, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

## STATEMENT OF RELEVANT FACTS

10.     Plaintiff, as a resident of the Monroeville borough and matriculated student of the Gateway School District, has at all times relevant hereto, taken considerable interest in the functioning and governance of the Gateway School District. This includes, but is not necessarily limited to, attendance at meetings of the School Board of the Gateway School District (the "School Board"), communication with teachers, communication with administrators regarding the curriculum, attendance at the community library that is located on Defendant's property, and general attendance at school-sponsored events and activities that are otherwise open to the public.

11.     Plaintiff graduated from Gateway School District in 2011. During his time as an enrolled student, Plaintiff participated in honors and advanced courses and excelled academically. Additionally, Plaintiff was enrolled in the gifted education program and competed in various academic competitions related to this enrollment, including but not limited to: Science Bowl, Academic Challenge, and Hometown High-Q.

3

12.     Plaintiff was a dedicated and active participant in District-related activities during his time as a student and wished to continue his participation after his graduation through communication with teachers and staff, as well as participation in District-sponsored events and meetings.

13.     At all relevant times, Plaintiff has had an interest in sharing ideas with District administrators in regard to improvement of the academic curriculum, the honoring of academic achievements, and general thoughts and suggestions regarding changes at the District.

14.     Prior to being barred, Plaintiff had taken considerable interest in the functioning and governance of the Gateway School District.

15.     In June 2014, in accordance with his interest in making improvements at the District, Plaintiff approached administrators at the District with photographs he had taken at another local school district of plaques that were displayed and recognized each year's Valedictorian, National Merit Finalists, and an "SAT Hall of Fame" for students scoring 1450 and above.

16.     Plaintiff suggested to District administrators that he believed that honoring District academic achievers in the same or similar manner would be a good addition to the District.

17.     The following day, Plaintiff planned to attend the District's graduation ceremony. Upon entering the ceremony, Plaintiff was detained by two Monroeville Police officers.

18.     Due to the embarrassment and confusion regarding his temporary detention by the police officers, Plaintiff went back to the District the next day to ask District administrators about this detention. Plaintiff was informed by Gateway administrators that they questioned his

motives in showing them the photographs and instructed the police officers to "keep an eye" on him.

19.     After the graduation ceremony incident, Plaintiff nonetheless continued to exchange regular and ongoing communication with District teachers and/or staff relating to academic advocacy.

20.     Upon information and belief, in or around September 2014 then-assistant superintendent Dr. William Short sent an email to Gateway High School faculty and staff indicating that if the Plaintiff entered Gateway High School or contacted anyone within Gateway High School, that Monroeville Police corporal Mark Kandrack was to be informed. At that time, Cpl. Kandrack was the District's School Resource Officer ("SRO").

21.     In September 2014, Plaintiff exchanged emails with District counselor Colleen Tortorella expressing concerns about the physics curriculum at Gateway High School.

22.     Pursuant to Dr. Short's directive, Mrs. Tortorella informed Cpl. Kandrack of this correspondence.

23.     Upon information and belief, Cpl. Kandrack inappropriately shared details of this correspondence with at least one individual outside of the District and outside of Monroeville Police Department.

24.     Continuing through March 2015, Plaintiff met with and exchanged email correspondence with Peter Murphy, then Principal of Gateway High School, and other District personnel regarding Plaintiff's concerns about the physics program in the District.

25.     Specifically, Plaintiff reported that the teacher for the Honors and Advanced Placement Physics courses at the District was teaching material that was at an inappropriate level

for students, and also expressed concern that the teacher was assigned advanced courses despite not holding a degree in physics or a related field.

26.     Plaintiff's reports regarding these concerns were met with appreciation from Principal Murphy.

27.     In July 2015, Plaintiff met with Principal Murphy on District premises to propose an alternative physics curriculum at Gateway High School.

28.     Upon information and belief, the physics curriculum at the District was changed as a direct result of Plaintiff's advocacy efforts.

29.     Plaintiff's efforts were applauded by several District employees and he was commended for his commitment to helping students at the District.

30.     On or around January 19, 2016, Plaintiff visited Gateway High School in order to speak with the SRO to report a crime and to discuss bringing charges against an individual known to the SRO.

31.     Plaintiff visited the District's premises after school-hours, and all extracurricular activities that day had been cancelled; thus, no students were present on the premises.

32.     Plaintiff and the SRO spoke in the lobby of the District's building.

33.     After several minutes of speaking, the SRO became angry and physically assaulted Plaintiff.

34.     The SRO forcibly removed Plaintiff from the District building at that time.

35.     During the assault, the Plaintiff yelled out in order to alert the administrative personnel who were in the building at the time.

36.     The assault on Plaintiff was witnessed by several employees of the District.

37.     In response thereto, Plaintiff received a letter, via constable, dated January 21, 2016 (the "Defiant Trespass notice") from the law firm of Bruce E. Dice & Associates, P.C., which represents Gateway School District. The letter alleged that Plaintiff had "exhibited disruptive, loud and/or abrasive behavior with more than one employee on Gateway School District property in direct contravention of Gateway's School Visitors Policies after he was asked to leave the property."

38.     Further, the Defiant Trespass notice indicated that Plaintiff was "no longer licensed or privileged to enter upon or remain at any of the properties owned by Gateway School District, except for meetings scheduled, in advance, by an administrator of the District."

39.     Upon information and belief, then-superintendent Dr. Nina Zetty made the decision to ban Plaintiff from District properties because he yelled out to attract the nearby administrators' attention during the SRO's assault on him.

40.     The Defiant Trespass notice threatened legal action against Plaintiff, indicating that "Should the District learn that there has been a violation of the enclosed policy you may be removed from the property and proper legal action may be taken by the District."

41.     The Defiant Trespass notice provided no end date to this ban nor any exceptions for attendance at public school board meetings, public events, or access to the public community library.

42.     Furthermore, Defendant has repeatedly ignored attempts by the Plaintiff to communicate within the parameters of the ban.

43.     On several occasions following the issuance of the ban, Plaintiff called Gateway School District requesting to speak to an administrator about the ban.

44.     None of Plaintiff's phone calls were returned.

45.     On July 18, 2017, Plaintiff, in compliance with the Defiant Trespass notice, sent email correspondence to District administrators Dr. William Short, Dr. Dennis Chakey, and Dr. Guy Rossi requesting a time to come in and meet to discuss reconsidering the ban.

46.     Plaintiff received no response to his July 18, 2017 inquiry, despite the Defiant Trespass notice indicating that he would be permitted on District property for the purpose of "meetings scheduled, in advance, by an administrator of the District."

47.     Upon information and belief, Defendant has expanded the ban articulated in the Defiant Trespass notice to include the prohibition of communications with District employees and attendance at District events occurring off of District-property.

48.     On August 6, 2018, Plaintiff exchanged emails with District counselor, Mrs. Colleen Tortorella, where she indicated that "[t]he only communications you are permitted to have with Gateway at this time are to request transcripts."

49.     On September 6, 2018, Plaintiff communicated via email with District teacher, Mr. Mark Wallace, requesting a letter of recommendation in support of his application for admission to the Massachusetts Institute of Technology ("MIT").

50.     On September 7, 2018, Mr. Wallace, in part, replied "I am really not allowed to respond to you on school email. However, I can do the letter for you."

51.     On September 30, 2018, Plaintiff sent a similar email correspondence to District teacher, Dr. James Pottinger, requesting a letter of recommendation. No reply was received.

52.     On October 18, 2018, Plaintiff followed-up via email correspondence with Dr. Pottinger regarding his request for a recommendation letter. No reply was received.

53.     At 8:02 AM on October 22, 2018, Dr. Short sent Mr. Wallace and Dr. Pottinger an email saying that they were permitted to respond to Plaintiff's email requests for a letter of recommendation.

54.     At 8:10 AM on October 22, 2018, Dr. Pottinger finally responded, noting, in part: "I was waiting for a confirmation from Dr. Short regarding our communication via the school district resources. He recently confirmed the permission via email. I would be happy to help you attain your goals and support you in your academic endeavors."

55.     On December 14, 2018, Plaintiff attempted to attend the 15th annual Coffee-for-a-Change charity event which took place at North American Martyrs Church, located at 2526 Haymaker Road, Monroeville, Pennsylvania 15146.

56.     Upon information and belief, the property which North American Martyrs Church is located on is not owned by the District, and attendance at the event was open to the general public.

57.     After arriving at the event, and even though the event was not held on District property, Plaintiff was informed by District teacher and faculty sponsor for the event, Mr. Shawn Whelan, that he was not permitted to be at the event due to the terms of the Defiant Trespass notice.

58.     On January 2, 2019, counsel for Plaintiff requested via email correspondence to counsel for District that the District issue a notice to all faculty and staff of the District indicating that the Defiant Trespass notice ban does not extend to electronic communication and that they are permitted to engage in email correspondence with the Plaintiff should they wish to do so.

59.     To date, upon information and belief, this request has not been granted.

## CAUSES OF ACTION

### COUNT I
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988**
**First Amendment Retaliation**

60.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

61.     The treatment of Plaintiff was unconstitutional in that it violated the Free Speech Clause of the First Amendment of the United States Constitution.

62.     Under the First Amendment to the United States Constitution, Plaintiff had the right to engage in free speech, particularly as to matters of public importance.

63.     Plaintiff's discussions with District employees and participation in advocacy efforts with District employees regarding educational programming and the District's curriculum, is a matter of public importance, specifically important to all residents of the District.

64.     Specifically, Plaintiff's statements regarding a teacher who was unqualified to teach honors and advanced courses within the District were intended to bring to light the District's failure to offer an appropriate physics curriculum and its failure to hire teachers with the appropriate qualifications.

65.     Additionally, Plaintiff's attempt to report a crime to the District's Resource Officer was also a matter of public importance.

66.     The Gateway School District, as a governmental agency and state actor, is prohibited from retaliating against individuals for exercising their First Amendment rights or taking other action to prevent or discourage the exercise of such rights.

67.     Defendant's actions were taken under color of state law.

68.     Defendant has a pattern and practice of retaliating against Plaintiff for his continued involvement in District matters, including detaining him for attending a graduation ceremony, and informing staff that law enforcement should be notified if he came into a District building, such that these actions have the force of a custom or policy.

69.     By permanently barring Plaintiff from District-premises, District-activities, and threatening legal action against Plaintiff for violation of the same, Defendant retaliated against Plaintiff for his exercise of his First Amendment rights and discouraged his further exercise of such rights.

70.     Defendant's actions were sufficient to deter a person of ordinary firmness, including the Plaintiff, from exercising his First Amendment Rights.

71.     The pattern of Defendant's retaliatory actions against Plaintiff for his continued involvement in District matters and activities is sufficient to establish a causal link between Plaintiff's protected speech and the retaliatory conduct barring Plaintiff from school grounds.

72.     Plaintiff's report of a crime to the District's SRO, and his attempts to draw attention to the SRO's ensuing assault on him, were a substantial motivating factor behind Defendant issuing a Defiant Trespass Notice against Plaintiff and barring him from any further attendance, participation, or involvement in District-matters and activities.

73.     As a direct and proximate result of Defendant's violation of Plaintiff's statutory and constitutional rights, Plaintiff has suffered substantial damages including litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, loss and/or delay of educational opportunities, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

## COUNT II
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988**
**Violation of First Amendment Speech Rights**

74.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

75.     Plaintiff's discussions and participations in curriculum discussions with District employees and attendance at District events open to the public, both on and off school grounds, including School Board meetings, is speech protected by the First Amendment to the United States Constitution.

76.     Plaintiff never discussed matters before the District in a fashion that could be considered to be overly disruptive of the business of the District.

77.     Plaintiff did not engage in any speech that could be deemed inconsistent with the conduct of business or the educational mission of the School District.

78.     At all relevant times, Plaintiff's speech before the District constituted that of a private citizen addressing matters of public concern.

79.     Plaintiff's free speech rights attendant to participating in and/or attending District events, meetings, and/or communicating with District employees outweighed any interest of Defendant in suppressing that speech.

80.     Defendant violated Plaintiff's right to free speech by denying him the opportunity to continue to participate in District events open to the public, both on and off school grounds, including School Board meetings, and communicate with District employees, even about his own educational interests.

81.     Defendant acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

12

82.     As a direct and proximate result of Defendant's violation of Plaintiff's statutory and constitutional rights, Plaintiff has suffered substantial damages including litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, loss and/or delay of educational opportunities, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

**COUNT III**
**Unconstitutional Prior Restraint Pursuant to**
**42 U.S.C. §§ 1983, 1988**
**Violation of First and Fourteenth**
**Amendment Rights to Free Speech**

83.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

84.     Defendant has effectively prohibited Plaintiff from communicating or speaking with any District employee and/or participating or attending any District-associated event whether on or off District grounds. Defendant's ban has prohibited Plaintiff from discussing matters of public concern pertaining to both the School Board and the School District.

85.     Defendant's prohibition of Plaintiff from communicating or speaking with any District employee and/or participating or attending any District-associated event whether on or off District grounds constitutes and continues to constitute an unconstitutional prior restraint.

86.     As a direct result of Defendant's actions, Plaintiff suffered an unconstitutional deprivation of his rights under the First and Fourteenth Amendments to the United States Constitution.

87.     Defendant acted intentionally and with callous disregard to Plaintiff's known statutory and constitutional rights.

88.     As a direct and proximate result of Defendant's violation of Plaintiff's statutory and constitutional rights, Plaintiff has suffered substantial damages including litigation expenses

including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, loss

and/or delay of educational opportunities, mental and emotional anguish and distress and other

compensatory damages in an amount to be determined by a jury and the Court.

### COUNT IV
### Violation of Article I, Section 7
### Pennsylvania Constitution

89.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

Defendant's treatment of Plaintiff was unconstitutional in that it violated the Free Speech Clause

of the First Amendment of the United States Constitution.

90.     Plaintiff exercised his right to free speech when he engaged in advocacy efforts

related to District matters and bringing a criminal matter to the attention to the District's SRO.

91.     Defendant's decision to prohibit Plaintiff from communicating or speaking with

any District employee and/or participating or attending any District-associated event whether on

or off District grounds would deter a person of ordinary firmness from exercising that right.

92.     Defendant's action was in direct response to Plaintiff's constitutionally-protected

speech and had a chilling effect on Plaintiff's free speech.

93.     As a direct and proximate result of Defendant's violation of Plaintiff's statutory

and constitutional rights, Plaintiff has suffered substantial damages including litigation expenses

including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, loss

and/or delay of educational opportunities, mental and emotional anguish and distress and other

compensatory damages in an amount to be determined by a jury and the Court.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, requests judgement against Defendant as follows:

A.  For appropriate declaratory relief regarding the unlawful and unconstitutional acts and
    practices of Defendants;

B.  For appropriate compensatory damages in an amount to be determined at trial;

C.  For appropriate equitable relief against Defendant as allowed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, including the enjoining and permanent restraining of those violations, and direct to Defendant to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful practices are eliminated and do not continue to impact Plaintiff's, or others' opportunities to meaningfully participate as citizens in District activities open to the public or communications with District employees;

D.  For an award of reasonable attorneys' fees and costs on Plaintiff's behalf pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1988; and

E.  For such other and further relief to which Plaintiff may show himself justly entitled.


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all causes of action and issues so triable.


Dated: January 26, 2021                          Respectfully submitted,

                                                 /s/ *Kristen C. Weidus*
                                                 Kristen C. Weidus, Esquire
                                                 Attorney I.D. No. 313486
                                                 Ruder Law, LLC
                                                 One Oxford Center
                                                 301 Grant Street, Suite 270
                                                 Pittsburgh, PA 15219
                                                 Telephone: (412) 281-4959
                                                 Email: kristenweidus@ruderlaw.com