## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIVEK RAJKUMAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-113 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GATEWAY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff's claims are time-barred, and Defendant's Motion to Dismiss (Doc. 21) will be granted.

Plaintiff is a former student of the Defendant-school district, who has "taken [a continued,] considerable interest in [its] functioning and governance." Am. Compl. (Doc. 19) at ¶ 10. This lawsuit was filed on January 26, 2021, and, given the applicable two-year statute of limitations, Plaintiff must show deprivations occurring on or after January 26, 2019.

On January 21, 2016, Defendant served on Plaintiff a defiant trespass notice. *Id.* at ¶¶ 37-38. On August 6, 2018, Plaintiff was advised that the notice/ban extended to electronic communications. *Id.* at ¶ 48. In order to resuscitate his claims, he must show some conduct on the part of Defendant, regarding the notice/ban, occurring on or after January 26, 2019. This he cannot do.

Essentially, the pleadings show a number of instances where Plaintiff attempted to engage Defendant regarding his treatment, and it failed to respond. The *only* conduct/ communications within the relevant timeframe were exchanges between counsel for the parties, regarding an inquiry first posed by Plaintiff's counsel on January 2, 2019 − which, again,

preceded the limitations cutoff.  "On January 2, 2019, counsel for Plaintiff requested via email correspondence . . . that the District issue a notice to all faculty and staff . . . indicating that the Defiant Trespass notice ban did not extend to electronic communication[s]."  *Id.* at ¶ 58.  Plaintiff alleges that, on April 17, 2019, his counsel requested an update regarding his request, and no response was received.  *Id.* at ¶ 60.  Plaintiff's counsel again inquired on May 3, 2019, at which time Defendant's counsel "indicated they were working to process the request."  *Id.* at ¶ 61.  In late August 2019, Defendant's counsel allegedly indicated that an update soon would be provided.  *See id.* at ¶¶ 62-64.  Finally, on September 9, 2019, "Plaintiff's counsel . . . received her client's records from Defendant.  Upon review, though, it became clear that only Plaintiff's previous educational records were included" and that the electronic communications ban would not be revisited.  *See id.* at ¶ 66.

Plaintiff asserts that he did not become finally and definitively aware that the electronic communications ban was "permanent" until September 9, 2019, when he received his records from Defendant containing the unrevised defiant trespass notice/ban.  This is irrelevant, however, because the discovery rule is measured by an objective-reasonableness standard.  *See Barren v. United States*, 839 F.2d 987, 990-91 (3d Cir. 1988).

Plaintiff received a Defiant Trespass notice in January 2016.  He undertook several unsuccessful attempts to confer with Defendant's administration through 2017.  Plaintiff later was informed, in August 2018, that the ban extended to electronic communications.  Still, he took no legal action.  Under the facts alleged, any reasonable person would have known of the purported constitutional deprivations – to the full extent alleged − by August 2018 at the latest.

Plaintiff also alleges that Defendant's treatment constituted a continuing violation.  This argument holds water only if his counsel's follow-up inquiries in the Spring and Fall

of 2019 – regarding a request made on *January 2, 2019* (itself untimely) – somehow establish a continuing violation.  They do not.

The continuing violation doctrine allows a plaintiff to pursue a claim for act(s) that occurred prior to the filing period if he can show that the act(s) are part of a continuing practice or pattern of violation.  *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).  A plaintiff must establish both:  1) that "the last act evidencing the continuing practice falls within the limitations period"; and 2) that "the defendant's conduct is more than the occurrence of isolated or sporadic acts."  *Id.*  "The focus of the continuing violations doctrine is on affirmative acts of the defendants."  *Id.* at 293.[1]

As seen above, the only communications that occurred within the relevant time frame were requests for updates, by Plaintiff's counsel to Defendant's counsel, regarding an inquiry that *itself was untimely*.  Defendant's counsel either did not respond, or said, in essence, counsel would get back to Plaintiff.  Under the circumstances, Defendant itself barely acted (through its counsel), and no new violation resulted.  As a matter of law, defense counsel's comments did not constitute continuing violations, and – even if not categorically rejected – they otherwise would be textbook examples of "isolated or sporadic [events]."  *See* discussion *supra*.

---

[1] To the extent Plaintiff suggests that the mere continuation of the communications ban constituted a continuing violation, that theory flies the face of binding Third Circuit authority. *Cowell* at 293 ("The mere [continued] existence of the [aggrieved action] does not amount to a continuing violation.  Neither was the [defendant's] refusal to remove [it] an affirmative act of a continuing violation.").

3

Plaintiff's claims are, in their entirety, time-barred. Defendant's Motion to Dismiss (**Doc. 21**) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.[2]

IT IS SO ORDERED.

August 25, 2021

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Plaintiff already has once amended his pleadings in an attempt to overcome the statute of limitations bar, and has failed. Although his counsel requests another opportunity for amendment, to cure the same deficiency, the law does not require endless "bites at the apple" − and the request is rejected on this basis alone. Even were the Court to further indulge counsel's request, the time-bar is apparent from facts affirmatively pleaded in the Amended Complaint. *See* discussion *supra* (holding, based on current allegations, that Plaintiff was or should have been aware of all alleged deprivation(s) by August 2018, at the latest). Under the circumstances, amendment would be futile.

4